IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD ROSENBURG,

    Petitioner,                    No. CIV S-06-1817 LKK EFB P

    vs.

THOMAS L. CAREY, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks relief from two denials of parole occurring in 2002 and 2005. Respondent moves to dismiss on the bases that petitioner's claims regarding the 2005 denial of parole are unexhausted, and petitioner's claims regarding the 2002 denial of parole are unexhausted and barred by AEDPA's statute of limitations.

**I.    Procedural History**

    In December 2002, petitioner appeared before the Board of Parole Hearings (at that time known as the Board of Prison Terms) for his initial parole consideration hearing at which he was denied parole. Resp.'s Mot. to Dism., Ex. 1, Chronological History. On October 24, 2003, petitioner filed a petition for a writ of habeas corpus in the California Court of Appeal, First District. *Id.*, Ex. 2. Petitioner's petition was denied on November 13, 2003, on a procedural

1

ground because he failed to attach a copy of the parole hearing transcript. *Id*.

On December 5, 2003, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which was denied on November 10, 2004. *Id*., Ex. 3.

On September 27, 2005, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court challenging the Board's December 2002 decision denying him parole. *Id.*, Ex. 4.

On December 8, 2005, petitioner appeared before the Board for another parole consideration hearing at which he was denied parole. *Id*., Ex. 1.

After the 2005 parole consideration hearing, petitioner filed a petition for a writ of habeas corpus in the Alameda County Superior Court challenging the Board's 2005 decision denying him parole, which was denied on April 11, 2006. *Id*., Ex. 5.

On May 1, 2006, petitioner filed a petition for a writ of habeas corpus in California Court of Appeal, First District, which was denied on May 4, 2006. *Id*., Exs. 6, 7.

On May 26, 2006, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which is still pending. *Id*., Ex. 8.

On July 19, 2006, the California Supreme Court denied petitioner's petition challenging the Board's 2002 decision. *Id*., Ex. 9.

On August 15, 2006, petitioner filed his petition in this court challenging the Board's 2005 decision denying him parole.

**II.     Exhaustion Standard**

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986).

The state court has had an opportunity to consider claims when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. *Picard*, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 153 (1996).

Respondent moves to dismiss for failure to exhaust on the basis that petitioner filed only one petition in the California Supreme Court, which is still pending. Resp.'s Mot. to Dism., Ex. 8; Ex. 10, at 1-2. Petitioner concedes this point in his opposition to the motion to dismiss and moves the court to stay his petition and hold it in abeyance pending the outcome of his writ in the California Supreme Court. For the reasons explained below, the court recommends that petitioner's request be denied and that the petition be dismissed for failure to exhaust.

**III.  Statute of Limitations on 2002 Claims**

Respondent also argues that any claims contained in the petition regarding the Board's 2002 decision are barred as untimely, because this action was filed almost a year beyond the statute of limitations.

3

The record shows that petitioner was first denied parole on December 26, 2002. Resp.'s Mot. to Dism., Ex. 1. The First District Court of Appeal denied petitioner's state court petition on November 13, 2003. *Id*., Ex. 2. The California Supreme Court denied a petition on November 10, 2004. *Id*., Ex. 3. Petitioner filed another petition in the California Supreme Court on September 27, 2005, predating his second denial of parole on December 8, 2005. *Id*., Ex. 4. That petition was denied on July 19, 2006. *Id*., Ex. 9. The instant petition was filed in this court only one month later on August 15, 2006.

Regardless of which of the two state court petitions is in issue here, any claims challenging the 2002 denial of parole in the petition before this court are untimely. If petitioner is raising the issues asserted in the state court petition denied on November 10, 2004, the instant petition was filed more than a year later and is untimely and must be dismissed. If, on the other hand, petitioner is raising the issues asserted in the state court petition denied on July 19, 2006, the petition before this court is still untimely. State petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the petition was timely or it was filed within a reasonable time. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005); *Chavis v. Evans*, 546 U.S. 189 (2006). When the state court fails to explicitly rule on the timeliness of a petition, a petitioner's unreasonable delay in filing his next state court petition bars his right to tolling under 28 U.S.C. § 2244(d)(2). *Chavis*, 546 U.S. at 189 ("In the absence of . . . clear indication that a particular request for appellate review was timely or untimely, the Circuit must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness"); *Gaston v.Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006). The court therefore recommends granting respondent's motion to dismiss the petition as petitioner's claims regarding his 2002 denial of parole are time-barred.

**IV.  Request for Stay and Abeyance**

In his opposition to the motion to dismiss, petitioner requests the court to stay his petition and hold it in abeyance pending the outcome of his petition for writ of habeas corpus filed with

4

the California State Supreme Court. Respondent has not filed an opposition to this motion.

District courts have authority to stay habeas corpus proceedings, and to hold such proceedings in abeyance while a petitioner exhausts his state court remedies, but only "where such a stay would be a proper exercise of discretion." *Rhines v. Weber*, 544 U.S. 269 (2005). "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 125 S.Ct. at 1535; *Jackson v. Roe*, 425 F.3d 654, 660-61 (9th Cir.2005). "Stays are also improper when the unexhausted claims are 'plainly meritless' or where the petitioner has engaged in 'abusive litigation tactics or intentional delay.' " *Jackson*, 425 F.3d at 661 (quoting *Rhines*, 125 S.Ct. at 1535).

To determine "good cause" in the stay and abey context, it is "appropriate to look at procedural default case law for guidance in determining whether petitioner has demonstrated the requisite 'good cause' for failing to exhaust his unexhausted claims prior to filing this habeas action." *Hernandez v. Sullivan*, 397 F.Supp.2d 1205, 1207 (C.D. Cal. 2005). Thus, "the relevant inquiry is the petitioner's justification for failing to exhaust his or her other claims prior to filing a federal habeas corpus petition." *Id.*, at 1206-07.

Here, petitioner claims he is entitled to a stay because he is seeking to bring before the court in a single petition claims challenging both his 2002 and 2005 denials of parole. This does not establish good cause for failure to exhaust, as respondent correctly points out that petitioner's 2002 claims are time-barred. Therefore, the court recommends denying petitioner's motion to stay and abey his petition pending the outcome of his state petition regarding his 2005 claims.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's request to stay the proceedings and hold his petition in abeyance pending the exhaustion of his claims in the California Supreme Court be denied;

2. Respondent's motion to dismiss be granted as petitioner's claims regarding his 2005 denial of parole are unexhausted and his claims regarding his 2002 denial of parole are both

5

1  unexhausted and time-barred; and

2      3. The Clerk be directed to close the case.

3  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 29, 2007.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE